FILED OF
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAY 1 7 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATRICK DEFILIPPO,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------------------------------X

**MEMORANDUM & ORDER**

**09-CV-4153 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner, Patrick DeFilippo, ("Petitioner") moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (See Docket Entry # 1.) Petitioner claims that he received ineffective assistance of counsel from his defense attorney. For the following reasons the court orders an evidentiary hearing.

**I. BACKGROUND**

In 2006, Petitioner was convicted of five counts of a ten count indictment, following a jury trial in this court. (Criminal Docket: United States v. Basciano and DeFilippo, 03-CR-929.) He was found guilty of conspiracy to violate the RICO Act, three counts of illegal gambling, and conspiracy to commit extortionate collection of credit. (See Mem. in Opposition (Docket Entry # 5) at 4.) He was found not guilty of two counts of extortionate collection of credit. (Id.) The jury did not reach a verdict on the charge of murder in-aid-of racketeering, conspiracy to murder in-aid-of racketeering, and use of a firearm during crimes of violence. (Id.) The court sentenced Petitioner to forty years in prison. (See Mem. in Support (Docket Entry # 2) at 7.)

**II. THE PETITION**

The § 2255 petition, dated September 23, 2009, alleges that Petitioner's defense counsel was constitutionally ineffective by failing to advise Petitioner on the full scope of a potential

1

post-trial sentence. (See Pet. (Docket Entry # 1) at 4.) Petitioner was offered a plea agreement, pursuant to which the government promised to recommend a sentence of no greater than fifteen years in prison. He rejected the deal. (See Pet. ¶ 12; see also Mem. in Opposition at 18.) Petitioner now claims that "[h]ad I been counseled about the actual sentence exposure, I would have pleaded." (See Pet. at 6.)

Petitioner claims that his trial counsel led him to believe that he faced a maximum of 20 years if he was found guilty at trial. (Pet. ¶¶14, 15.) Petitioner requested that his counsel draft a written analysis of the possible sentences. (Id. ¶ 15.) That memorandum is included in the petition. (Id. at 20.) Notably, the memorandum states that its "analysis excludes all counts and racketeering acts relating to . . . murder, in order to provide an estimation of a possible sentence in the event that client is acquitted of the murder and related charges but convicted on all other counts of the indictment." (Id.) (emphasis in original.) DeFilippo's trial counsel stated, in a signed affidavit, dated January 18, 2010: "In the absence of a recollection that I told Mr. DeFilippo otherwise I can understand why he might have concluded, based upon note 10 of the estimate, that the maximum sentence he might receive were he not convicted of murder was 20 years." (Richard Levitt Aff. (Docket Entry # 4) at 2.) The Petition also includes a signed affirmation from John J. Spirito, Petitioner's co-defendant who did plead guilty. (See Pet. at 16.) Spirito, who attended co-defendant meetings with Petitioner and Petitioner's defense counsel, claims the defense attorney "on more than one occasion" advised Petitioner that the maximum sentence was 20 years. (Id. at 17.)

## III. STANDARD OF REVIEW

### A. § 2255 and Ineffective Assistance of Counsel

"Section 2255 allows a federal prisoner to attack collaterally his sentence on the grounds that it was 'imposed in violation of the Constitution.' 28 U.S.C. § 2255(a). Because the Sixth Amendment provides criminal defendants with the right to *effective* assistance of counsel, inadequate representation is a basis for relief under section 2255." Morales v. United States, 635 F.3d 39, 42-43 (2d Cir. 2011) (citing Strickland v. Washington, 466 U.S. 688, 686 (1984)).

In order to succeed on an ineffective assistance of counsel claim, a petitioner must satisfy a two prong test: first, he must show that "counsel's performance was deficient," that is, that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment;" and second, Petitioner must show that, "the deficient performance prejudiced the defense . . . [by producing] errors . . . so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.

### B. § 2255(b) Hearing

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "To warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.' Rule 4(b) of the Rules Governing § 2255 Proceedings further provides that '[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion.'" Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009) (quoting

3

Arnienti v. United States, 234 F.3d 820, 823 (2d Cir. 2000) and Rules Governing § 2255 Proceedings for the United States District Courts, Rule 4(b)).

In Raysor v. United States, 647 F.3d 491, 495 (2d Cir. 2011), the Second Circuit held that a hearing is appropriate to determine issues of fact and law relevant to a § 2255 petitioner's claim of deficient advice regarding a plea offer where: (1) the petitioner, in a sworn statement, asserts that he would have pleaded guilty if given sound advice, and (2) there is some objective evidence, which may include a significant sentencing disparity, that the petitioner in fact would have pleaded guilty. The Raysor Court described the issues to be resolved at a hearing as:

> (i) what would have been reasonable legal advice in the circumstances; (ii) whether original counsel gave such advice; (iii) what the considered basis for original counsel's actions was; and (iv) whether but for counsel's alleged ineffectiveness, appellant would have accepted the government's plea offer and pled guilty.

Raysor, 647 F.3d at 497.

## IV. APPLICATION OF RAYSOR

Based on the standard articulated in Raysor, the court finds that a hearing is needed in this case. Petitioner asserts under oath that, but for the ineffective assistance of counsel, he would have taken the plea deal. (See Petition at 6.) Additionally, the sentencing disparity between the fifteen years offered in the plea deal and the forty years to which he was sentenced is "objective evidence" that he would have pleaded guilty. In conjunction with the sworn statement, this evidence is sufficient to call for a hearing.

The hearing will resolve the mixed issues of fact and law which are relevant to both prongs of Strickland. These include "what would have been reasonable legal advice in the circumstances,[] whether original counsel gave such advice, [] [and] what the considered basis for original counsel's actions was." Raysor, 647 F.3d at 497. Petitioner will also need to prove

4

prejudice. The court has Petitioner's sworn affidavit and the sentencing disparity as evidence of prejudice, but also on record is the Spirito affirmation, which states that Petitioner "was very reluctant to take the plea offered by the Government because it included him pleading guilty to participation in the Scascia murder and Mr. DeFilippo was adamant that he did not participate in such crime . . . ." (Pet. at 17-18.) Moreover, at sentencing, Petitioner's attorney told the court that "Mr. DeFilippo, from the moment the case started, when we first started to talk about a possible pretrial disposition of the case, has told me that he would never agree to a disposition, no matter what it was, even if it was a walk, which required him to allocute to . . . shooting George Sciascia, because he said he didn't do it, and he wouldn't allocute to it. And they could offer him a pass, a walk, whatever they want to call it, and he wouldn't plead to it period." (Sent. Tr. at 20, quoted in Mem. in Opposition at 7.) A hearing is needed to weigh this conflicting evidence.

## V.  CONCLUSION

A hearing will be held to determine the issues related to Petitioner's claim of ineffective assistance of counsel. The parties are ordered to contact the courtroom deputy for scheduling.

SO ORDERED.

Dated: Brooklyn, New York
       May 14, 2012

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

5