UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PATRICK DEFILIPPO,                  MEMORANDUM & ORDER

             Petitioner,                       09-CV-4153 (NGG)

     -against-

UNITED STATES OF AMERICA,

            Respondent.
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Petitioner Patrick DeFilippo has filed a request to proceed in forma pauperis ("IFP") for purposes of his appeal to the Second Circuit from this court's Memorandum and Order denying his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255, and a certificate of appealability (See Mar. 1, 2013, Mem. & Order (Dkt. 31)). (IFP Mot. (Dkt. 36).) Because DeFilippo has failed to make the requisite showing of good faith, his application to proceed IFP is DENIED.

I.     **STANDARD OF REVIEW**

A motion to proceed IFP for purposes of appeal must be made to the district court. Fed. R. App. P. 24(a). IFP status may be denied if the district court certifies in writing that the appeal has not been taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). The Second Circuit has instructed:

> Generally an application for leave to appeal in forma pauperis will have sufficient substance to warrant consideration only if, in addition to an adequate showing of indigence and of citizenship, it identifies with reasonable particularity the claimed errors which will be the basis for the appeal. If these requirements are satisfied, and if on consideration the trial judge is conscientiously convinced that there is no substantial question for review and that an appeal will be futile, or if he is convinced that there is no reasonable basis for the claims of alleged error, it is the

1

> duty of the trial judge, albeit not a pleasant duty, to certify that the appeal is not taken in good faith.

United States v. Farley, 238 F.2d 575, 576 (2d Cir. 1956) (internal citations and quotation marks omitted).

"This threshold level for permitting persons to proceed *in forma pauperis* is not very great and doubts about the substantiality of the issues presented should normally be resolved in the applicant's favor." Bishop v. Henry Modell & Co., No. 08-CV-7541 (NRB), 2010 WL 1790385, at *1 (S.D.N.Y. May 4, 2010) (internal quotations omitted). "Nevertheless, good faith is judged by an objective standard, and if an appeal is frivolous it is not taken in good faith." Id. at *1 (internal quotations omitted). "An appeal is frivolous where it lacks an arguable basis in law or fact," or where "the plaintiff's chances of success are slight." Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995); Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989).

## II. DISCUSSION

On March 1, 2013, the court denied DeFilippo's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2255. (Mar. 1, 2013, Mem. & Order.) The court held that DeFilippo had not received ineffective assistance of counsel in violation of the Sixth Amendment because he had failed to establish that there was a reasonable probability that he would have pled guilty but for his counsel's alleged ineffective assistance. (Id. at 12.) And because DeFilippo had failed to make a substantial showing of the denial of a constitutional right, the court did not issue a certificate of appealability. (Id. at 13.)

Despite this denial of a certificate of appealability, the court nonetheless may allow DeFilippo to proceed IFP if his appeal is taken in good faith. See Paramore v. Filion, 293 F. Supp. 2d 285, 295 (S.D.N.Y. 2003) (noting that an unsuccessful movant for habeas relief may

2

proceed IFP on appeal even after a district court has declined to issue a certificate of appealability). Good faith, however, is not present here.

First, in his application to proceed IFP, DeFilippo rehashes the exact same arguments he made in his Petition, which the court soundly rejected. (See IFP Mot. at 12.) DeFilippo has provided "no substantial question for review," and thus "an appeal [would] be futile." Farley, 238 F.2d at 576 (internal quotations omitted); see Frias v. United States, No. 09-CV-2537 (JFK), 2011 WL 832903, at *2 (S.D.N.Y. Mar. 4, 2011) ("A district court is not required to speculate on what grounds a petitioner might wish to challenge the district court's order."). Second, DeFilippo's chances of success on appeal are slight. See Anderson v. Coughlin, 700 F.2d 37, 45 (2d Cir. 1983) (denying IFP status because plaintiffs' "reasonable chance of ultimate success on the merits of their claim [was] slight," and thus the action was "frivolous"). (See also Mar. 1, 2013, Mem. & Order.)

Accordingly, the court certifies that DeFilippo's appeal of the court's March 1, 2013, Memorandum and Order has not been taken in good faith and therefore DENIES his motion to proceed IFP. See Bishop, 2010 WL 1790385, at *2 (denying plaintiff's request to proceed IFP where the plaintiff proceeded to appeal "despite the absence of any merit to his case").

## III. CONCLUSION

For the reasons stated above, DeFilippo's application to proceed IFP for purposes of his appeal is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
May _3_, 2013

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge